Battle, J.
 

 The main question presented on the bill of exceptions, arises from the refusal of his Honor to give the first instruction prayed by the defendant’s counsel. The bill of sale, executed by Bayless Lynn to the plaintiff for the slave in question, on the 23rd day of May, 1840, was admitted to be good between the parties to it, but invalid as to the creditors of Lynn, for the want of a subscribing witness. It may, perhaps, be doubted whether, it was good between the parties, since the 37th chapter, section 19th, of the Revised Statutes, has omitted the preamble to the act of 1784, (Rev. Code, ch. 225, sec. 7,) — see
 
 Bateman
 
 v.
 
 Bateman,
 
 1 Murph. Rep. 97. But supposing that it was good between the parties, and void as to creditors, was it made good as to the latter by the plaintiff’s procuring it to be acknowledged and attested in May, 1844, before the creditors obtained a lien on the slave of the bargainor, and by his having it subsequently proved and registered ? The defendant’s counsel contends strenuously for the negative. He insists that the deed was fraudulent in its operation against creditors, and was therefore void as to
 
 *363
 
 them, and could not be made good by anything which the parties might do afterwards. He insists also, that having been once delivered, and being effectual between the parties, it was incapable of a second delivery ; and for these positions, he cites and relies on 2 Thomas’ Coke Lit., 235, in note m. ; Shep. Touch., 60, and the case of
 
 Halcombe
 
 v. Ray, 1 Ire. Rep., 340. These authorities may, at first view, seem to support the principles contended for by the counsel, and justify him in his application of them to the present case ; but we think that an attentive examination of them will show a marked difference between the cases to which they are applicable, and the one before us. The note in Thomas’ Coke states that a deed delivered by an infant cannot be redelivered, after he comes of age, but that the deed of a married woman may be delivered again, after she becomes discovert; and the reason assigned for the distinction is, that the deed of an infant, being only voidable, has had some effect, while that of the feme covert, being void, has had none. This explanation is incomplete. It does not state the full grounds of the difference in the operation of the two instruments. The deed of an infant, being voidable only, may be confirmed by him after he comes of age; and if so confirmed, its operation and effect will relate to the time of the original delivery. Were a second delivery requir* ed or admissible to give it effect, the bargainee might be injuriously affected thereby, on account of judgments and executions against the infant after he came of age, and before the second delivery. The deed of a married woman on the other hand is, because of her incapacity to make it, utterly null and void, and the first effect which it can have must be derived from its delivery after the death of her husband. It is not pretended that there is any analogy between the delivery of the deed of a feme covert during and after coverture, and this case ; and we cannot see much more in the case of the infant’s deed, unless it be that the confirmation of it, after he comes to his majority, may afford some plausibility to the plaintiff’s claim, of giving validity to his bill of sale by the attestation subsequently procured for it. The principle recognized by this Court in
 
 Halcombe
 
 v. Ray, affords a stronger argument for the defendant. It was the case of a deed for land, absolute on its face, but in
 
 *364
 
 tended by the parties to be only a mortgage. The Chief Justice, Ruffin, in delivering the opinion of the Court, declares that such an instrument is fraudulent and void as to creditors, because it was and must have been intended to deceive them. He then expresses a doubt, but does not decide, whether such a deed could be afterwards made good by a
 
 bona fide
 
 purchase of the full interest in the land, and a re-delivery of the deed, and ends by deciding that a mere payment of the price, on a
 
 bona fide
 
 purchase, could not avail to purge the original fraud, and make the deed good. But this principle cannot be applied to a deed, declared by statute to be
 
 invalid
 
 for the want of some ceremony, especially when the want of such ceremony must appear on the instrument itself. There is, in the very nature of things, a difference between the two instruments. A deed intended as a mortgage, but absolute in terms, if not expressly designed to defraud third persons, must necessarily have that effect. It is constantly uttering a falsehood, and falsehood under such circumstances is fraud. Ye* ry different is a bill of sale for a slave- without a subscribing witness. If not fraudulent for other reasons, the omission of such a witness cannot make it so. It carries its own weakness on its face. It can deceive nobody. It cannot hinder, delay or defraud creditors. The statute does not declare that it is
 
 fraudulent,
 
 nor that it shall be considered so, but says simply that it shall not be
 
 valid;
 
 for fear, perhaps, that without an attesting witness, it might be made an instrument of fraud. If fair and
 
 bona fide
 
 in its inception, why not permit a ceremony, not otherwise essential to its existence, but omitted by mistake, to be subsequently supplied, be-' fore the rights of creditors have intervened. We can see none, either in the nature of the instrument, of the policy of the law. As to the nature of the instrument, it is not a deed founded in fraud which can never, as is said in
 
 Halcombe
 
 v.
 
 Ray,
 
 be purified of its original taint; but is rather a defective or imperfect instrument, which becoines valid as soon as the defect or imperfection is supplied. As to the policy of the law, it certainly can make no difference whether 'the witness subscribes his name at the time of the execution of the deed, or subsequently, provided it is done
 
 bona fide,
 
 and before the rights of third persons have attached. The question of
 
 bonafides
 
 must be submitted to the
 
 *365
 
 jury, and we think it was fairly so done by his Honor upon this part of the case.
 

 The instructions given upon the other questions of fraud were also correct, being fully supported by the principles declared in the recent case of
 
 Hardy
 
 v.
 
 Simpson,
 
 13 Ire. Rep. 132, and the cases therein referred to.
 

 The plaintiff was certainly not estopped as against the defendant, by the deed in trust executed by Elizabeth Lynn to him ; both because there could be no mutuality in it, and an interest, to wit, the bargainor’s life estate passed. But if the plaintiff had been estopped, the defendant would have been estopped also, and then the plaintiff might have recovered upon his legal title as trustee, without adverting to the other grounds of his claim.
 

 The question in relation to damages has been properly abandoned in this Court. The judgment of the Gourt below was correct, and must be affirmed.
 

 Pee. Curiam. Judgment affirmed.